UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TIMOTHY SCHEANETTE | * | CIVIL ACTION NO.  14-2471 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| ANN SMITH d/b/a ANTIQUE ACRES MOBILE HOME PARK | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Upon review of the record, and for reasons detailed below, the court finds that it lacks subject matter and removal jurisdiction to entertain the matter, and therefore, is compelled to remand the case to the City Court for the City of Monroe, Louisiana whence it was improperly removed.[1]

## Background

On April 21, 2014, Timothy Scheanette filed the instant petition for relief against Ann Smith d/b/a Antique Acres Mobile Home Park ("Smith") in the City Court for the City of Monroe, Louisiana.  Scheanette alleged that Smith violated the "Unfair Trade Practices and Consumer Protection Law," and sought "relief of movable," $5,000 in restitution, court costs, filing fees, and penalties.  *See* Petition [doc. # 1-1].

At the July 14, 2014, trial of this matter, the presiding city court judge, the Honorable

---

[1]  As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Tammy Lee, advised Scheanette that he had filed his petition in the wrong jurisdiction, and that the court would sign a motion to transfer once he filed the necessary paperwork.  (Minutes from July 14, 2014, Proceedings [doc. # 1-5]).  On July 28, 2014, Scheanette duly filed with the city court a "Motion to Remove and Transfer."  [doc. # 1-6].  On August 2, 2014, a Monroe City Court judge (the signature is illegible) ordered the instant matter removed and transferred to this court.  *See* Aug. 2, 2014, Order.  [doc. # 1].

### Law and Analysis

The removal statute provides, in pertinent part, that

> [a] *defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending *a notice of removal* signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a *short and plain statement of the grounds for removal*, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

As an initial matter, the court observes that *plaintiff* initiated the instant removal, when according to the plain terms of the statute, *only a defendant(s)* may remove a matter from state or city court to federal court.  *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) (citations omitted).  Moreover, as the party initiating this action in federal court, plaintiff was required to pay the $400 filing and administrative fee, but has not done so.  *See* 28 U.S.C. § 1914.

Furthermore, plaintiff filed the underlying motion to transfer/remove in city court, when, by statute, the notice of removal must be initiated/filed in federal court.  *See* 28 U.S.C. § 1446(a).  Also, and most importantly, because plaintiff did not file a notice of removal, the record does not contain a statement of grounds to support removal or the exercise of federal subject matter jurisdiction.

2

It is axiomatic that the party seeking to invoke jurisdiction bears the burden of demonstrating its existence.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).  The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity.  28 U.S.C. §§ 1331 & 1332.  Here, however, the court discerns neither a federal question on the face of the pleadings,[2] nor requisite allegations to establish diversity jurisdiction.[3]

Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction.  *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).  A lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction.  *Id.*  Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Those circumstances are present here.

---

[2]  "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of Louisiana*,  522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted).  Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006).

[3]  For purposes of diversity, "[a]ll plaintiffs must be diverse in citizenship from all defendants . . ." and the parties' citizenship must be "*distinctly* and *affirmatively* alleged."  *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990); *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  Moreover, the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.

**Conclusion**

In sum, the court finds that the instant removal was procedurally defective and improvident.  In addition, the removing party failed to allege facts sufficient to support federal subject matter jurisdiction.  In the absence of removal and subject matter jurisdiction, remand is required.  28 U.S.C. § 1447(c).  Accordingly, the matter will be remanded, via separate judgment, to the City Court for the City of Monroe, Louisiana, whence it was removed.

In Chambers, at Monroe, Louisiana, this 14th day of August 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

4